230 N.J. Super. 100 (1989)
552 A.2d 1018
IN THE MATTER OF THE ESTATE OF ADAM FRIEDLEIN, DECEASED. ERNA FRIEDLEIN, PLAINTIFF,
v.
JOSEPH G. FRIEDLEIN, EXECUTOR OF THE ESTATE OF ADAM FRIEDLEIN, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 10, 1988.
Decided January 11, 1989.
*101 Before Judges BRODY, ASHBEY and SKILLMAN.
Madnick, Milstein, Mason, Weber & Farnsworth, attorneys for appellant (Peter J. Farnsworth, on the brief).
Mauro & Barry, attorneys for respondent (John C. Prindiville, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
*102 This appeal requires us to interpret the provisions of N.J.S.A. 3B:8-1 et seq. which allow a surviving spouse to elect to take one-third of the "augmented estate" of the deceased spouse.
Adam Friedlein died testate on January 26, 1987, nearly ten years after his marriage to plaintiff Erna Friedlein. The decedent's will directed that the marital home be sold and that the proceeds be placed in a testamentary trust. The decedent's son, defendant Joseph G. Friedlein, was named executor of the estate and trustee. The will further provided that the income from the trust shall be paid to plaintiff during her lifetime and that upon her death the principal and any unpaid income shall be paid to defendant. Decedent devised his remaining assets directly to defendant.
On April 16, 1987, plaintiff filed this action against defendant which sought among other things to fix and allow her elective share pursuant to N.J.S.A. 3B:8-1 et seq. On June 15, 1987, the parties advised the court that they had reached a settlement pursuant to which plaintiff would receive her elective share, which would be calculated after an appraisal of the marital home and a full accounting of the estate's assets. The order formalizing this settlement, which was entered on July 8, 1987, provided that "the within Order shall be deemed a Final Judgment relative thereto and pursuant to N.J.S.A. 3B:8-14."
On September 22, 1987, plaintiff filed a motion "to amend the Consent Order erroneously entered on July 8, 1987." Plaintiff's counsel submitted an affidavit in support of the motion which alleged that his client had decided to take her elective share under N.J.S.A. 3B:8-1 et seq. "without sufficient knowledge or information to fully and satisfactorily make such election" and that "it has now become clear that the election, which plaintiff was forced to make blindly, has resulted in placing her in a worse position than she would have been in had she not been compelled to make that election." Attached to the affidavit was an informal accounting prepared by defendant which *103 showed that plaintiff's elective share under N.J.S.A. 3B:8-1 et seq. was zero, because the assets she had owned jointly with the decedent, with a right of survivorship, had a value in excess of one-third of the decedent's "augmented estate." In addition, defendant asserted that the effect of plaintiff's election under N.J.S.A. 3B:8-1 et seq. was a relinquishment of her right under the will to receive all income generated from the proceeds of the sale of the marital home.
The trial court denied plaintiff's motion to be relieved from the provisions of the July 8, 1987 consent order. On January 7, 1988, the court entered an order limiting plaintiff's interest in the proceeds from the sale of the marital home to one-half of the income from the corpus, which the court found she was entitled to receive as her "dower interest." See N.J.S.A. 3B:28-1. Plaintiff appeals, contending that the trial court abused its discretion in declining to relieve her from the terms of the July 7, 1987 consent order.
We conclude that both the parties and the trial court proceeded on the erroneous premise that an election by a surviving spouse to take one-third of the augmented estate of the deceased spouse pursuant to N.J.S.A. 3B:8-1 et seq. results in a renunciation of any specific bequests made under the will. Therefore, we reverse.
N.J.S.A. 3B:8-1 et seq., which was enacted in substantially its present form in 1979, L. 1979, c. 483, is derived from the Uniform Probate Code.[1]N.J.S.A. 3B:8-1 gives a surviving spouse a right to elect a one-third share of the deceased spouse's "augmented estate." A decedent's "augmented estate" consists of the net estate at the time of death, plus property which the decedent transferred without adequate consideration before death, N.J.S.A. 3B:8-3, property which the surviving spouse transferred to third parties without adequate *104 consideration, N.J.S.A. 3B:8-6b, and property owned by the surviving spouse at the time of, or as a result of, the decedent's death, N.J.S.A. 3B:8-6a. All of the surviving spouse's property "is presumed to have been derived from the decedent except to the extent that any party in interest establishes that it was derived from another source." N.J.S.A. 3B:8-9.
Nowhere in N.J.S.A. 3B:8-1 et seq. does it state that a surviving spouse's election to take one-third of a deceased spouse's augmented estate will result in relinquishment of the surviving spouse's right to property transferred by the will. To the contrary, N.J.S.A. 3B:8-18a contemplates that any property which a surviving spouse receives as a result of the decedent's death will be applied in satisfaction of the surviving spouse's elective share. This section provides that:
The amount of the surviving spouse's elective share shall be satisfied by applying:
a. The value of all property, estate or interest therein, owned by the surviving spouse in his own right at the time of the decedent's death from whatever source acquired, or succeeded to by the surviving spouse as a result of decedent's death notwithstanding that the property, estate or interest or part thereof, succeeded to by the surviving spouse as the result of decedent's death has been renounced by the surviving spouse. (Emphasis added).
Clearly, property "succeeded to by the surviving spouse as a result of decedent's death" includes property passing to the surviving spouse under the decedent's will.
Thus, the decedent's "augmented estate" consists of the value of all property of both the deceased and surviving spouse as well as other property transferred to third parties without adequate consideration before the decedent's death. A surviving spouse who takes an elective share under N.J.S.A. 3B:8-1 is entitled to one-third of the value of the augmented estate, but this entitlement may be satisfied by the surviving spouse's own property as well as any property the surviving spouse acquires as a result of the decedent's death. Consequently, an estate does not incur any liability for an elective share unless the value of the surviving spouse's own property plus any property that spouse acquires as a result of decedent's death, including *105 property devised by will, is less than one-third of the augmented estate.
Therefore, N.J.S.A. 3B:8-1 provides a kind of statutory safety net to assure that a surviving spouse receives at least the value of one-third of the property owned by the decedent and surviving spouse, augmented by the value of certain property transferred inter vivos. However, the invocation of this protective provision cannot result in a surviving spouse being deprived of property transferred by will. Rather, the only effect of the election is to provide the surviving spouse with an additional portion of the decedent's estate if the sum of the surviving spouse's own assets plus any property received under the will or by other transfer taking effect on death is less than one-third of the augmented estate.
This conclusion is supported by Judge Cohen's analysis of N.J.S.A. 3B:8-18a in In re Estate of Cole, 200 N.J. Super. 396 (Ch.Div. 1984):
The quoted language [of N.J.S.A. 3B:8-18a] says two key things. The first is that the value of the survivor's own independently acquired property must be deducted from her calculated elective share. If it is greater than her share, she gets nothing more. If it is less, she gets the difference.
* * * * * * * *
The second key statement in N.J.S.A. 3B:8-18(a) is that the value of property coming to the survivor by reason of the decedent's death is deducted from her calculated share. That means, among other things, that, if the decedent leaves anything to his spouse in his will or by non-testamentary transfer taking effect on death, its value is deducted from her share. As a result, even though she has elected against the will, she must take her elective share first out of assets the decedent has chosen to give her by will or otherwise. [200 N.J. Super. at 403-404].
Furthermore, this conclusion is supported by the comments to Section 2-206 of the Uniform Probate Code, from which N.J.S.A. 3B:8-1 et seq. is derived, which state in pertinent part:
The election does not result in a loss of benefits under the will (in the absence of renunciation) because those benefits are charged against the elective share *106 under Sections 2-201, 2-202 and 2-207(a).[2]
A scholarly commentary on the Uniform Probate Code also reflects this view:
Under the [Uniform Probate Code], the surviving spouse may claim an elective share without forfeiting any property passing to the spouse by intestate or testate succession. Any share passing to the spouse by intestate or testate succession ... is first applied in satisfaction of the elective share to reduce contributions that otherwise might be due from other persons. Kurtz, "The Augmented Estate Concept Under The Uniform Probate Code: In Search of an Equitable Elective Share," 62 Iowa L.Rev. 981, 1043-1044 (1977).
Therefore, we reverse paragraph 8 of the trial court's order of January 7, 1988, and remand the matter for further proceedings in conformity with this opinion.
NOTES
[1] This legislation was originally codified in 1979 as N.J.S.A. 3A:38A-1 et seq. and then recodified pursuant to L. 1981, c. 405 as N.J.S.A. 3B:8-1 et seq.
[2] The New Jersey Legislature did not enact section 2-206 of the Uniform Probate Code. However, the quoted part of the comment to Section 2-206 relates to the general concept of an "elective share" under the Uniform Probate Code rather than to the specific provisions of Section 2-206.